UNITED STATES of America,
Plaintiff–Appellee,

v.

Marvin Jerome HORSLEY,
Defendant–Appellant.

No. 93–2714.

United States Court of Appeals,
Eleventh Circuit.

May 1, 1995.

Andrea Wilson, Asst. Federal Public Defender, Tampa, FL, for appellant.

Timothy Jansen, Tamra Phipps, and Peggy Morris Ronca, Asst. U.S. Attys., Tampa, FL, for appellee.

Before DUBINA and BLACK, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Appellant Marvin Jerome Horsley ("Horsley") appeals his convictions and sentences imposed by the United States District Court for the Middle District of Florida.

## I.

Horsley was indicted by a federal grand jury in the Middle District of Florida charging him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (counts one and three), and distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860 (counts two and four). A jury found Horsley guilty on all counts. He was sentenced by the district court to serve four concurrent prison terms of 294 months, followed by a total supervised release term of 144 months. Additionally, Horsley was required to pay $200.00 in special assessments.

## II.

Horsley presents the following issues for appellate review: (1) whether the district court prohibited Horsley's alibi defense and abused its discretion by denying his motion for a mistrial; (2) whether the distribution of cocaine in violation of 21 U.S.C. § 841(a) is a lesser included offense of distribution of cocaine within 1,000 feet of a playground under § 860; and (3) whether the Jordan Park Headstart School Playground was a playground within the meaning of 21 U.S.C. § 860.

## III.

### A.

■ In reviewing the second issue presented in this appeal, we note that the government concedes in its brief that distribution of cocaine in violation of 21 U.S.C. § 841(a) is a lesser included offense of distribution of cocaine within 1,000 feet of a playground under § 860.[1] Accordingly, we must vacate the convictions on counts one and three of the indictment and the corresponding sentences.

---

**1.** After the jury convicted Horsley and the district court imposed sentence, we held in *U.S. v. Freyre–Lazaro*, 3 F.3d 1496, 1507 (11th Cir. 1993), that a violation under 21 U.S.C. § 841 is a lesser included offense of § 860.

**2.** Title 21 U.S.C. § 860(d) defines a playground as:

### B.

Federal Rule of Criminal Procedure 12.1(a) requires a defendant to provide notice of an alibi defense within ten days of receiving written demand from the government. Horsley contends on appeal that the district court erred "by sustaining the government's objection to [his] use of alibi witnesses" for his failure to give the required notice because the government, in this case, did not file a written demand for notice of alibi defense. Horsely suggests that the district court should have granted his motion for mistrial.

■ Horsley's arguments concerning this issue are meritless. The record demonstrates that Horsley did present an alibi defense. This was after the district court reversed its ruling on the presentation of alibi witnesses prior to the jury retiring to deliberate. Moreover, Horsley's claim that the manner in which the district court obtained his alibi witnesses' attendance at trial was tantamount to excluding his testimony altogether contradicts the fact that Horsley acquiesced in the method by which the alibi witnesses were brought to court.

The remaining arguments concerning the prejudicial impact of Curry's testimony and the *ex parte* communication between the court and the prosecutor concerning the Rule 12.1 issue are specious and merit no further discussion.

### C.

Finally, Horsley argues on appeal that the Jordan Park Headstart School Playground was not a playground within the meaning of 21 U.S.C. § 860, because it was not open to the public.[2]

It is undisputed in this case that a playground "containing three or more separate apparatus intended for the recreation of children" was located on the property of Jordan Park Headstart School, and that the school

[A]ny outdoor facility ... intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children. ...

and playground were within 1,000 feet of Horsley's residence. Accordingly, the only question is whether the playground is open to the public.

Horsley merely assumes on appeal, without authoritative support, that the question of whether the Jordan Park playground was open to the public was a purely legal question for the district court to decide. The application of § 860 can be a mixed question of law and fact. *See, e.g., United States v. Echevaria,* 995 F.2d 562, 563–64 (5th Cir. 1993). We are persuaded that the district court correctly submitted this question to the jury as a factual issue, since it could not be resolved without reference to the evidence in the record regarding the use of the Jordan Park Playground and the school's attempts, if any, to prohibit the public from using the playground. Indeed, Horsley has contradicted his own position that this is purely a legal question by relying upon the record evidence to argue that the playground was not open to the public.

Because the factual issue was a jury question, the proper issue for Horsley to have raised on appeal was whether the evidence was sufficient to support his convictions. *See United States v. Smith,* 13 F.3d 380, 382 (10th Cir.1993); *United States v. McDonald,* 991 F.2d 866, 871 (D.C.Cir.1993).

Importantly, Horsley did not challenge whether the playground was open to the public when he moved for judgment of acquittal at the close of the government's case, nor did he renew his general motion for acquittal at the close of all of the evidence. Review of his claim is therefore limited to the determination of whether there was a manifest miscarriage of justice which would exist only if the record is devoid of evidence to support the conviction. *United States v. Gonzalez,* 940 F.2d 1413, 1426 (11th Cir. 1991), *cert. denied,* 502 U.S. 1047, 112 S.Ct. 910, 116 L.Ed.2d 810 (1992). We hold that the evidence was sufficient to establish that the playground was open to the public. Horsely relies exclusively on the language of a posted sign which said, "This is not a public playground. Play at your own risk," to support his position that Jordan Park was not a public playground. However, whether Jordan Park was a "public playground" and whether it was "open to the public" are not necessarily synonymous concepts. The statute merely requires that the playground be "open to the public." As Patricia Needum, the director of Jordan Park, testified at trial, the park was accessible to and, in fact, used by many of the children in the neighborhood.

Accordingly, we affirm Horsley's convictions and sentences on counts two and four, but vacate the convictions and sentences on counts one and three, and remand this case to the district court for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.