**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

DUANE JELEAL OSBOURNE, a/k/a
Rocky, a/k/a Duane Anthony
Osborne,
Defendant-Appellant.

No. 96-4906

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-178-V)

Submitted: April 7, 1998

Decided: May 19, 1998

Before LUTTIG and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan Dexter Bowman, P.A., Newark, New Jersey, for Appellant.
Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Duane Jeleal Osbourne was convicted by a jury of conspiring to possess with intent to distribute and to distribute cocaine and crack cocaine within 1000 feet of a playground in violation of 21 U.S.C.A. §§ 846, 860 (West Supp. 1998). He appeals his conviction and sentence, contending that (1) there was an impermissible variance between the indictment that charged a single conspiracy and the evidence at trial that Osbourne claims established multiple conspiracies; (2) the district court erred by failing to instruct the jury on multiple conspiracies; and (3) the district court erred by enhancing his base offense level by two levels under USSG § 2D1.2(a)(1)* because the playground is not "open to the public." Because Osbourne failed to raise these issues in the district court, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993). We affirm.

Osbourne first claims that the district court sua sponte should have dismissed the charge against him because there was a variance between the indictment and the evidence at trial."In a conspiracy prosecution, a defendant may establish the existence of a material variance by showing that the indictment alleged a single conspiracy but that the government's proof at trial established the existence of multiple, separate conspiracies." United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994). To show that multiple conspiracies existed, Osbourne relies on Darwin Mobley's testimony that at some point during the conspiracy, he stopped working for his uncle, Paul Mobley, and began his own drug distribution business. Osbourne overlooks the fact that he supplied Darwin Mobley with the drugs to distribute. Moreover, other co-conspirators testified that they transported drugs for Osbourne from New York to the Grier Heights neighborhood in Charlotte, North Carolina, and that Osbourne was

_____

*U.S. SENTENCING GUIDELINES MANUAL (1995).

2

one of their suppliers. To the extent that Osbourne attacks his co-conspirators' testimony because they pled guilty to participating in the conspiracy and received lighter sentences, we do not review the credibility of witnesses or weigh the evidence. See United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Because there was overwhelming evidence of a single conspiracy, we find no plain error here.

Nor did the district court plainly err in failing to instruct the jury on multiple conspiracies. Failure to give a jury instruction on multiple conspiracies, even if the evidence supports such an instruction, is not reversible error unless a defendant can show he was involved in a separate conspiracy unrelated to the overall conspiracy charged in the indictment. See United States v. Howard, 115 F.3d 1151, 1157 (4th Cir. 1997); Kennedy, 32 F.3d at 884. Osbourne cannot make such a showing. The evidence at trial sufficiently proved that Osbourne was a main actor in the conspiracy charged in the indictment.

Finally, Osbourne contends that the district court erred in applying a two-level enhancement of his base offense level under USSG § 2D1.2(a)(1). He claims that as a matter of law, § 860 does not apply to privately owned and maintained facilities, such as the playground at the apartment complex in Grier Heights, and therefore that the playground was not "open to the public." The issue of whether the playground was "open to the public" was a question of fact for the jury. See United States v. Horsley, 56 F.3d 50, 51-52 (11th Cir. 1995). By rendering a special verdict that the conspiracy involved an intent to distribute cocaine and crack cocaine within 1000 feet of a playground, the jury necessarily found that the playground met the statutory requirements of § 860.

Accordingly, we affirm Osbourne's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED