**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Iupeli MIGI, Defendant–Appellant.**

**No. 01–10254.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2003.

Filed May 27, 2003.

Georgia K. McMillen, Law Office of Georgia K. McMillen, Wailuku Maui, HI, for the defendant-appellant.

Edward Kubo, Jr., United States Attorney, Craig H. Nakamura, Assistant United States Attorney, District of Hawaii, Honolulu, HI, for the plaintiff-appellee.

Before: LEAVY, RYMER and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Iupeli Migi appeals his conviction on six counts of possessing and/or distributing drugs within 1000 feet of a "playground" and his sentence.[1] We affirm the district court and hold that basketball courts, softball fields, and skating rinks are "apparatus intended for the recreation of children" under 21 U.S.C. § 860(e)(1). Thus, the area in which Migi sold drugs was a "playground," and the district court properly enhanced his sentence.[2]

## I. FACTUAL AND PROCEDURAL HISTORY

During an undercover investigation, police officers caught Migi selling crack cocaine in 'A'ala Park.

The Government charged Migi with five counts of distribution and one count of possession with intent to distribute a controlled substance under 21 U.S.C. §§ 841(a)(1)[3] and 860(a).[4] During Migi's trial, an officer involved in the investigation testified that 'A'ala Park contained a

---

1. 21 U.S.C. §§ 841(a)(1), 860.

2. See 21 U.S.C. § 860(a).

3. Section 841(a)(1) provides: "[I]t shall be unlawful for any person knowingly or intentionally ... to ... distribute ... or possess with intent to ... distribute ... a controlled substance."

4. Section 860(a) provides:

Any person who violates section 841(a)(1) of this title ... by distributing [or] possessing with intent to distribute ... a controlled substance in or on, or within one thousand feet of ... a playground ... is ... subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title.

swingset, a basketball court, a softball field, and a skating rink.

At the conclusion of the Government's case, Migi moved for judgment of acquittal. He argued that a jury could not find beyond a reasonable doubt that the park was a "playground" within the meaning of § 860(e)(1). A "playground" is "any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing *three or more separate apparatus intended for the recreation of children* including, but not limited to, sliding boards, swingsets, and teeterboards."[5] Migi conceded that the swingset was an "apparatus" under the statute, but claimed that the basketball court, the softball field, and the skating rink were not. Thus, he argued, only one "apparatus intended for the recreation of children" existed in the park, instead of the requisite three. Accordingly, Migi urged that insufficient evidence supported his conviction.

The district court denied Migi's motion. It concluded that basketball courts, softball fields, and skating rinks are "*apparatus intended for the recreation of children*" under the statute. Thus, the park constituted a "playground." Migi appeals.

## II. JURISDICTION AND STANDARD OF REVIEW

■ The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's interpretation of a statute *de novo*.[6]

## III. DISCUSSION

The statutory construction of "playground," as defined in 21 U.S.C. § 860(e)(1), is an issue of first impression in this circuit. The Government must prove four elements to meet the definition of a "playground": (1) that the area is an outdoor facility, (2) that the area is intended for recreation, (3) that the area is open to the public, and (4) that the area includes three or more separate apparatus intended for the recreation of children.[7] Migi does not contest the first three elements. Thus, we need only address the fourth.

■ We start with the plain meaning of the statute's language.[8] When we interpret a word in a statute, we use the statute's definition of that word.[9]

Congress defined "playground" as: "any outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards."[10] We must determine the meaning of "children," "apparatus," and "recreation."

■ Section 860 does not explicitly define any of the terms in question. However, if Congress defines a term in a statute, that same definition applies to the term in other parts of the same statute.[11] Thus, we look to other sections in the statute to interpret the terms in question.

---

**5.** *Id.* § 860(e)(1) (emphasis added).

**6.** *United States v. Carranza*, 289 F.3d 634, 642 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

**7.** 21 U.S.C. § 860(e)(1).

**8.** *United States v. Tobeler*, 311 F.3d 1201, 1203 (9th Cir.2002).

**9.** *See United States v. Iverson*, 162 F.3d 1015, 1022 (9th Cir.1998).

**10.** 21 U.S.C. § 860(e)(1).

**11.** *Sorenson v. Sec'y of Treasury of United States*, 475 U.S. 851, 860, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).

■ Congress impliedly defined "children" in § 860(c).[12] That section refers to a child as any "person under 18 years of age." Thus, in § 860, the term "children" means people "under 18 years of age."[13] Accordingly, the apparatus Congress described in § 860(e)(1) include apparatus intended for the recreation of individuals under the age of eighteen.

■ Although Congress defined "children" in § 860, it nowhere defined "apparatus" or "recreation." Thus, we interpret the words using their "ordinary, contemporary, and common meaning[s]."[14]

An "apparatus" is "a collection or set of materials ... [or] ... appliances ... designed for a particular use."[15] A basketball court, a softball field, and a skating rink each consist of a collection or set of materials or appliances designed for recreational use. Thus, basketball courts, softball fields, and skating rinks are each an "apparatus."

"Recreation" is "any form of play, amusement, or relaxation" used for the purpose of "refreshment in body or mind" such as "games, sports, or hobbies."[16] Thus, "recreation" includes games, sports, and hobbies. Basketball, softball, and skating are games or sports. Creating and racing radio-controlled cars is a hobby. Thus, all these activities are recreational.

Congress did not distinguish between apparatus designed for play and apparatus designed for sports and competition in § 860(e)(1). Play, sports, and competition are types of recreation. Accordingly, we find no legal difference between sliding boards, swingsets, and teeterboards and basketball courts, softball fields, and skating rinks in this context. All are "apparatus intended for the recreation of children."

■ Migi argues that we must apply the *ejusdem generis* principle in interpreting § 860(e)(1) because Congress's list of examples includes only apparatus on which small children play. *Ejusdem generis* requires that "when a general word or phrase follows a list of specific ... things, the general word or phrase will be interpreted to include only persons or things of the same type as those listed."[17]

■ The principle of *ejusdem generis* does not apply here because the statute's plain meaning is apparent.[18] An applica-

---

**12.** 21 U.S.C. § 860(c). Section 860(c) is titled, "Employing *children* to distribute drugs near schools or playgrounds." *Id.* (emphasis added). It provides:

[A]ny person at least 21 years of age who knowingly and intentionally—
(1) employs, hires, uses, persuades, induces, entices, or coerces a *person under 18 years of age* to violate this section; or
(2) employs, hires, uses, persuades, induces, entices, or coerces a *person under 18 years of age* to assist in avoiding detection or apprehension for any offense under this section
. . .
is punishable by a term of imprisonment, a fine, or both, up to triple those authorized by section 841 of this title.
*Id.* (emphasis added).

**13.** *Id.*

**14.** *Iverson,* 162 F.3d at 1022.

**15.** Webster's Third New Int'l Dictionary 102 (unabridged 1986).

**16.** Webster's New World Dictionary 1123 (3d ed. 1988). Webster's Third New International Dictionary (3d ed. 1986) defines "recreation" as "the act of recreating or the state of being recreated: refreshment of the strength and spirits after toil: ... a means of getting diversion or entertainment." *Id.* at 1899.

**17.** Black's Law Dictionary 535 (7th ed. 1999).

**18.** *Tobeler,* 311 F.3d at 1206 ("When a statute's plain meaning is apparent, there is no need to resort to the rule of *ejusdem generis,* particularly when its application leads to a result undermining the statutory purpose.").

tion of *ejusdem generis* would narrow Congress's definition of "children" from people "under 18 years of age" to those young enough to be able to play on swingsets, slides, and teeter-boards.[19] In addition, we need not apply *ejusdem generis* because Congress modified its list of examples with the phrase "including, but not limited to." That phrase "mitigate[s] the sometimes unfortunate results of rigid application of the ejusdem generis rule."[20] Therefore, we will not apply the *ejusdem generis* principle to § 860(e)(1)'s list of examples.

■ Thus, we hold that basketball courts, softball fields, and skating rinks are each "apparatus intended for the recreation of children."[21] As discussed above, Migi does not contest the first three elements of 21 U.S.C. § 860(e)(1). Our finding regarding the fourth element thus resolves this issue. The park near which Migi was selling drugs is a "playground" under § 860(e)(1). Accordingly, the district court correctly denied Migi's motion for judgment of acquittal, and sufficient evidence supports Migi's conviction.

## IV. CONCLUSION

The district court correctly concluded that "apparatus intended for the recreation of children" include basketball courts, softball fields, and skating rinks. We therefore affirm the district court.

AFFIRMED.

---

19. *See* 21 U.S.C. §§ 860(c), (e)(1).

20. *See Ramirez, Leal & Co. v. City Demonstration Agency*, 549 F.2d 97, 104 (9th Cir.1976) (refusing to apply *ejusdem generis* to Congress's list of examples because of the phrase "including, but not limited to"). *But see United States v. Parker*, 30 F.3d 542, 552–53 (4th Cir.1994) (applying *ejusdem generis* to § 860(e)(1)).

21. 21 U.S.C. § 860(e)(1).

