11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Boris
Demetrius Gee

Appellant

Vs.                   Nos.
11-04-00033-CR, 11-04-00034-CR, & 11-04-00035-CR -- 

Appeals
from Taylor County

 

State
of Texas

Appellee

 

Boris Demetrius Gee appeals his convictions by a
jury of three separate offenses of delivery of cocaine in a drug-free
zone.  The trial court assessed his
punishment for each offense at ten years in the Texas Department of Criminal
Justice, Institutional Division.  Gee
urges in three points that the jury erred by not finding he was entrapped and
that the evidence is legally and factually insufficient to support his
conviction because it does not show that the area where he sold crack cocaine
was within 1,000 feet of a playground as defined.  We affirm.  


Gee urges in points one and two that the evidence
is legally and factually insufficient to show that the drug transactions
occurred at a playground as statutorily defined in TEX. HEALTH & SAFETY
CODE ANN. '
481.134(a)(3) (Vernon Supp. 2004 - 2005). 
The punishment for certain offenses increases when they occur within
1,000 feet of drug-free zones, including playgrounds.  TEX. HEALTH & SAFETY CODE ANN. ' 481.134(b)(1) (Vernon Supp. 2004 -
2005).  The statute defines Aplayground@
as an outdoor facility that is not on the premises of a school; that is intended
for recreation; that is open to the public; and that contains three or more
separate apparatus intended for the recreation of children, such as slides,
swing sets, and teeterboards.  Section
481.134(a)(3).

In a legal sufficiency review, we view all of the
evidence in the light most favorable to the verdict and then determine whether
a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  See
Jackson v. Virginia, 443 U.S. 307 (1979); Russeau v. State, No.
AP-74466, 2005 WL 1523774 (Tex.Cr.App. June 29, 2005).  In a factual sufficiency review, we view all
of the evidence in a neutral light, and we will set the verdict aside only if
the evidence is so weak that the verdict is clearly wrong and manifestly unjust
or if the contrary evidence is so strong that the standard of proof beyond a
reasonable doubt could not have been met. 
See Zuniga v. State, 144 S.W.3d 477, 484-85
(Tex.Cr.App.2004).  








Sue Belver testified that she worked for the
Abilene Police Department in the Special Operations Division, the Street Crimes
Unit.  She related that she conducted an
operation resulting in three cases involving Gee.  She indicated that they took place close to
G. V. Daniels Recreation Center, a drug-free zone.  She insisted that Carver Park was further to
the east.  She described the three
occasions on which she purchased cocaine from Gee.  Officer Belver later explained that, during
an overnight recess, she discovered that Carver Park encompassed the G. V.
Daniels Recreation Center.  She related
that there were more than three pieces of playground equipment inside Carver
Park and that it was open to the public. 
On cross-examination, Officer Belver conceded that she did not know what
the three pieces of equipment were.

David Gray testified that he was employed by the
Abilene Police Department, Special Operations Division, working in narcotics.  Officer Gray indicated that Carver Park had a
big basketball court Anext
to Treadaway@ and that
on the west side of AG.
V. Daniels@ was a
playground area with playground equipment like slides, swings, a
merry-go-round, and other individual toys that would be on a playground.  He stated that there were more than three
pieces of playground equipment and that it was open to the public.  Officer Gray acknowledged that some of the
items he mentioned might have been connected with each other or they might have
been separate pieces. 

Gee testified, acknowledging that there was
playground equipment at Carver Park, including a swing.  He said that he had not seen a
merry-go-round.  Gee stated that
Defendant=s Exhibit
No. 1 showed a ACarver
Park@
sign,  that Defendant=s Exhibit No. 2  showed the G. V. Daniels Recreation Center
and some equipment, and that Defendant=s
Exhibit No. 3 showed a piece of equipment at the recreation center.  He said that there was no equipment other
than that shown in the exhibits.

The playground equipment shown in Defendant=s Exhibit Nos. 2 and 3 appears to
consist of a swing set and a piece of equipment containing two or more slides
and a rope ladder for climbing.  








Based upon this evidence, we conclude that the
evidence is legally and factually sufficient to support Gee=s conviction.  Gee urges that the evidence is insufficient
because there were not at least three separate apparatus at the location in
question.   The testimony and exhibits
show that Carver Park had at least a swing set consisting of one or more
swings, a unit of equipment consisting of at least two slides and a rope ladder
for climbing, and a basketball court that could reasonably be presumed to
consist of one or more basketball goals. 
Swing sets and slides are specifically mentioned in the statute as
constituting a separate apparatus intended for the recreation of children.  Section 481.134(a)(3)(C).  A basketball court is also an apparatus
intended for the recreation of children. 
United States v. Migi, 329 F.3d 1085, 1087 (9th Cir. 2003).  Consequently, the park contained three or
more separate apparatus intended for the recreation of children.  Gee=s
analysis omits any mention of the equipment constituting the basketball
court.  When the basketball equipment is
considered, there are three or more pieces of separate apparatus intended for
the recreation of children in Carver Park B
B even if we were to consider the piece
of equipment containing two slides and a rope ladder as a single separate
apparatus, as urged by Gee.  We overrule
points one and two.  

Gee contends in point three that the jury erred in
not finding that he was entrapped.  When
a defendant raises the defense of entrapment at trial, he has the burden of
producing evidence to establish every element of that defense.  He must present a prima facie case
that he (1) engaged in the conduct charged (2) because he was induced to do so
by a law enforcement agent (3) who used persuasion or other means and (4) that
those means were likely to cause persons to commit the offense.  Hernandez v. State, 161 S.W.3d 491,
497 (Tex.Cr.App.2005).  Once the defense
makes a prima facie showing of each element, the State has the burden of
persuasion to disprove entrapment beyond a reasonable doubt.  Id. 

We will first examine the evidence to determine if
Gee presented a prima facie case of entrapment.  Officer Belver testified that, when making an
undercover narcotics buy, she does a little acting; wears different clothes;
changes her hair color; wears a wig, colored contact lenses, and big earrings;
and talks differently.  She said that
this would include profanity.  She
indicated that, in the first buy, Gee nodded at her before she approached
him.  She stated that she asked for a 20,
even though she only had 19 dollars with her, so that she would be more
believable.  She recalled that, after he
said it was fine for her to purchase a 20 with 19 dollars, Gee bent over and
that, when he raised up, he had a baggie with an off-white rock in it.  She said that she then drove off.  

Officer Belver said that on the next occasion,
after Gee nodded to her, she approached him and told him she wanted a 20.  She indicated that, after she showed him the
money, Gee gave her a rock of cocaine. 
Again, she drove off after receiving the cocaine.  She gave a similar description of the last
transaction, except to note that there were others present on that occasion who
accused her of being Athe
law@ or a snitch.  She confirmed that Gee gave her a rock of
cocaine on that occasion before she drove off.








Officer Belver acknowledged that, during such
undercover operations, her purpose is to get someone to sell her a controlled
substance.  She acknowledged that, on her
first encounter with Gee, he did not ask her if she wanted to buy some drugs.

Gee testified that, on the occasion of the first
buy, he had no controlled substance on his person and that he referred Officer
Belver to someone else when she asked him for a 20.  He stated that she returned, indicating that
she did not see anyone.  He insisted that
she told him that she really needed a hit, a wake-up.  He said that he went to a house and got the
rock.  He related that he suffered from
addiction and knew that, once someone gets the first high of the day, they will
be all right.

Gee testified that, when Officer Belver approached
him for the second buy, he told her that he did not have anything.  He said that, when he started walking away,
someone sold him a rock while Officer Belver was going around the block and that
he kept some and sold the remainder to Officer Belver.  He denied having any controlled substance in
his possession or any intention to sell dope on that day.  Gee testified that, on the third occasion, he
was getting high smoking crack when Officer Belver approached in her car.  He indicated that he sold her the 20 just
before she drove off. 

This evidence constitutes a prima facie
case that Gee engaged in the conduct charged because he was induced to do so by
a law enforcement agent who used persuasion or other means.  That leaves the question as to whether there
was any evidence showing that the means used were likely to cause persons to
commit the offense.   The Texas Court of
Criminal Appeals has held that a promise by a close friend that he would get
the defendant high on dope is so unlikely to cause a person not already so
disposed to commit a criminal offense as to not even raise the issue of
entrapment.  Bush v. State, 611
S.W.2d 428, 432 (Tex.Cr.App.1980).  We
hold that Officer Belver=s
statement that she really needed a hit or a Awake
up@ and Officer Belver=s change in appearance and conduct as
previously noted are so unlikely to cause a person not already so disposed to
commit a criminal offense as to not raise the issue of entrapment.  We overrule point three.  

The judgment is affirmed.  

 

PER CURIAM

July 28, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.