2008 DSD 27

**UNITED STATES of America,**
**Plaintiff,**

v.

**Terrilee Yells EAGLE, a/k/a Terri Yells Eagle, Defendant.**

**No. CR 08–30053–01.**

United States District Court,
D. South Dakota,
Central Division.

Dec. 9, 2008.

Jay P. Miller, Timothy M. Maher, Assistant United States Attorneys, Pierre, SD, for Plaintiff.

Brad A. Schreiber, Schreiber Law Firm, Pierre, SD, for Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

CHARLES B. KORNMANN, District Judge.

Defendant filed a motion, Doc. 53, to dismiss the indictment, contending that the conduct alleged in the indictment did not take place within 1,000 feet of a "playground." Magistrate Mark A. Moreno issued his report and recommendation, Doc. 62, recommending that the motion to dismiss be denied. Neither party filed objections. The Court has conducted a review of the record.

Now, therefore,

IT IS ORDERED:

1. The report and recommendation, Doc. 62, is adopted.

2. The motion, Doc. 53, to dismiss the indictment is denied.

## REPORT AND RECOMMENDATION FOR DISPOSITION OF DEFENDANT'S MOTION TO DISMISS

MORENO, MARK A., United States Magistrate Judge.

[¶ 1] Defendant, Terrilee Yells Eagle, a/k/a Terri Yells Eagle, has filed a Motion to Dismiss, pursuant to Federal Rule of Criminal Procedure 12(b)(1), and brief in support thereof, Docket Nos. 53, 54. Plaintiff, United States of America (Government), has filed a Response to the dismissal Motion, resisting the same, Docket No. 55. Because Defendant's Motion is a dispositive one, this Court is only authorized to determine the same on a report and recommendation basis. In accordance with 28 U.S.C. § 636(b)(1), the Court does now make and propose the following report and recommendation for disposition of the Motion.

### I.

[¶ 2] A federal grand jury indicted Defendant on two counts of conspiracy to distribute and possess with intent to distribute methamphetamine (Count I) and marijuana (Count II) within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. Under § 860, a defendant is subject to "twice the maximum punishment" and "at least twice any term of supervised release" in the event the substantive violation is in, on, or within 1,000 feet of a playground. 21 U.S.C. § 860(a). The term "playground" is defined in 21 U.S.C. § 860(e)(1) as:

> [A]ny outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards.

[¶ 3] The Eighth Circuit and other circuits have held that § 860 is a substantive offense, rather than merely a sentence enhancer of § 841(a)(1), that requires proof of an element that is not included in § 841. *United States v. Gonzalez–Rodriguez,* 239 F.3d 948, 952–53 (8th Cir.2001); *United States v. Rojas Alvarez,* 451 F.3d 320, 327 (5th Cir.2006); *United States v. Flaharty,* 295 F.3d 182, 193 (2d Cir.), *cert. denied,* 537 U.S. 936, 123 S.Ct. 37, 154 L.Ed.2d 237 (2002). "Despite [its] reference to § 841, § 860 requires the sep-

arate and distinct element of possession with intent to distribute within 1,000 feet of a [playground]." *Gonzalez–Rodriguez,* 239 F.3d at 953. Thus, in order to obtain a conviction under § 860, the Government must satisfy, beyond a reasonable doubt, the statutory definition of "playground" as defined in § 860(e)(1). *Rojas Alvarez,* 451 F.3d at 327; *United States v. Migi,* 329 F.3d 1085, 1087 (9th Cir.2003).

## II.

[¶ 4] Defendant claims that the Indictment should be dismissed because the conduct alleged in it did not take place within 1,000 feet of a "playground." He attaches a photograph of the skateboard park alleged by the Government to be the "playground" in question and contends that the park does not contain the requisite "three apparatus" to comply with § 860(e)(1)'s definition. He also contends that the distance between the park and his residence, which § 860(e)(1) requires be 1,000 feet or less, has not been established. By way of relief, Defendant seeks dismissal of the § 860 portions of the Indictment and, as such, the potential sentencing enhancements that go along with them.

## III.

■■■ [¶ 5] Defendant assumes, without authoritative support, that the questions of whether the skate park contains three apparatus and whether his alleged conduct occurred within 1,000 feet of the park are purely legal questions to be determined prior to trial. The application of

§ 860, however, is a mixed question of law and fact. *United States v. Horsley,* 56 F.3d 50, 52(11th Cir.1995); *United States v. Walker,* No. 07–10176–DPW, 2007 WL 4556684 at **2, 4 (D.Mass. Dec. 21, 2007); *see also United States v. Soler,* 275 F.3d 146, 154–55 (1st Cir.) (measurement of 1,000 foot distance specified in § 860(a)), *cert. denied,* 535 U.S. 1071, 122 S.Ct. 1948, 152 L.Ed.2d 851 (2002); *United States v. Smith,* 13 F.3d 380, 382 (10th Cir.1993) ("playground").

■■■ [¶ 6] The "three apparatus" and "distance" questions are factual ones that should be resolved by a trier of fact. *Id.*; *see also Rojas Alvarez,* 451 F.3d at 329 (whether the government satisfied the 1,000 foot element of § 860(a) was for the jury to decide); *United States v. Robles,* 814 F.Supp. 1249, 1253–54 (E.D.Pa.) (the requisite number of apparatus present in the park at the time the crime was committed is a factual question), *aff'd,* 8 F.3d 814 (3rd Cir.1993). The fact that Defendant relies on outside "evidence" (a photograph) serves to underscore this point and to contradict his Defendant's position that the "apparatus" issue is a purely legal one or is otherwise ripe for pretrial adjudication. *Horsley,* 56 F.3d at 52.[1] Regardless, whether Defendant possessed with intent to distribute methamphetamine and/or marijuana within 1,000 feet of the skate board park, is currently an open (and presumably a disputed) question to be determined at trial after due consideration has been given of all of the evidence.[2]

---

1. The photograph attached to Defendant's Motion shows a skate park with a number of different ramps and appliances. Whether they constitute a single "apparatus" or multiple ones and whether the park contains other materials and equipment that meet the "three or more separate apparatus" requirement is unclear and can only be settled by a fact finder after an evidentiary presentation.

2. Defendant's statement in his brief that he requested a "survey of the area to establish ... the distance required in [ ] § 860(a)" demonstrates that there is an unresolved question as to whether the drug activity alleged took place within 1,000 feet of a playground. Such a question, has several facets to it, *see Migi,* 329 F.3d at 1087–89; *Soler,* 275 F.3d at 154–55, and must be ferreted out, after an evidentiary showing has been made, at trial.

*Rojas Alvarez,* 451 F.3d at 329; *Soler,* 275 F.3d at 154–55.

[¶ 7] Because the claims Defendant raises are factual ones, or at least have factual components to them, their sufficiency must be tested, not by a dismissal motion, but rather, by a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29 and/or a trial verdict. *United States v. Mata–Lara,* 527 F.Supp.2d 887, 892 (N.D.Iowa 2007); *United States v. Rodriguez,* No. CRIM. 2:04–CR–55, 2006 WL 435581 at **3–4 (D.N.D. Feb. 21, 2006); *see also United States v. Luken,* 515 F.Supp.2d 1020, 1029 (D.S.D. 2007) (sufficiency of the evidence concerns are generally not properly raised in a motion to dismiss or prior to trial). This being the case, Defendant's Motion must be denied.

### IV.

■ [¶ 8] In the event this case proceeds to trial, any verdict must be bifurcated. The fact finder must first decide whether Defendant is guilty of the underlying § 841(a)(1) offenses. If it finds Defendant not guilty of both of these offenses, then it need not deliberate any further. If, however, the trier of fact finds Defendant guilty on either or both of the offenses, then it must decide whether they took place within 1,000 feet of a playground. The fact finder's determination on that issue will only impact Defendant's sentence, not his guilt or innocence. The trier of fact could find Defendant guilty of both of the underlying § 841(a)(1) offenses, but find that they did not take place within the requisite protected area. If that occurs, Defendant is not entitled to the dismissal of the charges against him, just to a lessening of his sentencing exposure.

■ [¶ 9] It is important to keep in mind that Defendant may not be convicted under both § 841(a) and § 860. To do so would violate the Double Jeopardy Clause "because one of the elements of $860 is a violation of $841(a)m." *United States v. Carpenter,* 422 F.3d 738, 747 (8th Cir. 2005), *cert. denied,* 546 U.S. 1128, 126 S.Ct. 1115, 163 L.Ed.2d 923 (2006). While Defendant may be tried for the § 841(a)(1) and § 860 offenses during the same trial, he may only be convicted and punished for one of them. *Id.*

### V.

[¶ 10] The claims Defendant raises in his Motion to Dismiss are not ones suitable for pretrial disposition. They involve, and have intertwined with them, factual issues that can only be decided at trial upon a full evidentiary record.

[¶ 11] Defendant's Motion, however, does raise issues of statutory construction of first impression in this Circuit (regarding the meaning of "playground" and the phrase "three or more separate apparatus")[3] and issues pertaining to jury instructions, the verdict form and double jeopardy. Scrutiny and care must be given to these issues so as to avoid the land mines of reversible error.

[¶ 12] Defendant is not entitled to a dismissal of the § 860 portion of either of the charged offenses. It is accordingly recommended that his Motion to Dismiss, found at Docket No. 53, be denied.

---

**3.** *Migi,* 329 F.3d at 1087–89; *Walker,* 2007 WL 4556684 at **1–4; and *Robles,* 814 F.Supp. at 1253–54 shed some light on these issues, but do not answer the question of whether the skateboard park here, containing several ramps and appliances, is one or more "apparatus" for purposes of § 860(e)(1).

Dated this 3rd day of September, 2008, at Pierre, south Dakota.