**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN PANGELINAN, | No. 17-56822 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01730-L-KSC |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted May 14, 2019
Pasadena, California

Before: LIPEZ,** WARDLAW, and HURWITZ, Circuit Judges.

Allen Pangelinan appeals from the dismissal of his Federal Tort Claims Act

(FTCA) claim against the United States. We have jurisdiction under 28 U.S.C. §

1291. Our review is de novo. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.


\*\*     The Honorable Kermit V. Lipez, United States Circuit Judge for the
First Circuit, sitting by designation.

(9th Cir. 2008). We vacate the judgment of the district court and remand for further proceedings.

## I.

Pangelinan was injured when a tree branch fell on him while he was attending his son's graduation ceremony at the United States Marine Corps Recruit Depot in San Diego, California. He sued the United States under the FTCA, alleging that his injury was caused by the government's negligent maintenance of its property. The district court dismissed the action, concluding that it was barred because a private landowner in similar circumstances would be immunized from liability in a similar suit under California Civil Code § 846 ("section 846"). Under that provision, known as the Recreational Use Statute, a landowner "owes no duty of care to keep [a] premises safe for entry or use by others for any recreational purpose." Cal. Civ. Code § 846(a). The court found that attending a graduation ceremony is a "recreational purpose" under that section.

## II.

The FTCA, under which Pangelinan sues, waives the sovereign immunity of the United States, *see Mattice By & Through Mattice v. U.S. Dep't of Interior*, 969 F.2d 818, 820 (9th Cir. 1992), and creates a cause of action for tortious conduct "under circumstances where the United States, if a private person, would be liable to the claimant" pursuant to the law of the place where the conduct occurred, 28

U.S.C. § 1346(b)(1). Under California law, a landowner is generally liable "for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property." Cal. Civ. Code § 1714(a); *see Alcaraz v. Vece*, 929 P.2d 1239, 1257 (Cal. 1997). However, section 846 "protects landowners . . . from liability for negligence to those who enter or use their land for recreational purposes." *Mattice*, 969 F.2d at 820–21.

Attending a graduation ceremony is not a "recreational purpose" under section 846. The activities covered by that statute include vigorous "activities such as . . . sport parachuting . . . animal riding, snowmobiling, . . . [and] hang gliding" as well as more relaxed activities like "sightseeing, picnicking . . . and viewing or enjoying . . . sites." Cal. Civ. Code § 846(b). That statutory list is non-exhaustive. *See Ornelas v. Randolph*, 847 P.2d 560, 563 (Cal. 1993). In determining whether an unlisted activity has a "recreational purpose" under section 846, California courts look to the "nature of the activity" and whether it is "recreational" in the commonly understood sense of the word. *See Jackson v. Pac. Gas & Elec. Co.*, 114 Cal. Rptr. 2d 831, 834 (Ct. App. 2001) (subsequent history omitted) (concluding that "a kite-flyer['s actions] to retrieve his wayward kite" were recreational based on "the nature of the activity"—"the joy of the sport"); *see also Gerkin v. Santa Clara Valley Water Dist.*, 95 Cal. App. 3d 1022, 1027–28 (Ct. App. 1979) (looking to "the commonly understood recreational sense of the word" hiking to determine whether section 846

applied), *disapproved of on other grounds by Delta Farms Reclamation Dist. v. Superior Court*, 660 P.2d 1168, 1173–74 (Cal. 1983); *cf. Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) ("[S]tatutory terms are generally interpreted in accordance with their ordinary meaning.").

Attending a graduation ceremony is not "recreational" in the ordinary sense of the word. "Recreation," as commonly understood, refers to "any form of play, amusement, or relaxation used for the purpose of refreshment in body or mind such as games, sports, or hobbies." *United States v. Migi*, 329 F.3d 1085, 1088 (9th Cir. 2003) (internal quotation marks omitted) (interpreting "recreation" under 21 U.S.C. § 860(e)(1)). In one dictionary, "recreation" is defined as "refreshment by means of some pastime, agreeable exercise, or the like;" and "a pastime, diversion, exercise, or other resource affording relaxation and enjoyment." *Recreation*, Random House Webster's Unabridged Dictionary (2nd ed. 1997). Similarly, Roget's International Thesaurus offers "refreshment" and "amusement" as synonyms for "recreation." *Recreation*, Roget's International Thesaurus (5th ed. 1992). The purpose of attending a graduation ceremony, while likely joyous, is not to enjoy oneself, play, or relax. Instead, a graduation marks an accomplishment. Its purpose is ceremonial or

commemorative—not recreational. It therefore falls outside the scope of section 846 immunity.[1]

**The judgment of the district court is therefore vacated. We remand for further proceedings in accordance with this disposition.**

---

[1] Because we find that attending a graduation ceremony is not a recreational purpose under section 846, we do not address Pangelinan's argument that he falls within section 846's exception for express invitees.