**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10435**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DERRICK WAYNE JOHNSON,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(USDC No. 5:96-CR-94-1)**

_____

December 15, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Convicted on six counts, Derrick Wayne Johnson appeals his jury convictions of conspiracy to possess with intent to distribute 50 grams of cocaine base and two counts of possessing with intent to distribute cocaine base within 1000 feet of a playground. He asserts that there was insufficient evidence to support the jury's verdict that the Dixie Little League baseball fields were a

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

playground and that he conspired to possess with intent to distribute 50 grams or more of cocaine base.

"Playground" is defined as "any outdoor facility ... intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards."  21 U.S.C. § 860(e)(1). Needless to say, the purpose of the statute is to create drug-free zones by increasing punishment for drug transactions that occur near places where children gather. *United States v. Echevaria*, 995 F.2d 562, 563-64 (5th Cir. 1993).  Johnson does not dispute that the baseball fields are an outdoor facility intended for recreation and open to the public; rather, he contends that the evidence at trial of four backstops and two concession stands did not sufficiently demonstrate three or more separate apparatus.

Viewing the evidence in the light most favorable to the jury's verdict, evidence of four baseball backstops, three of which were for either little league or pee-wee little league fields, was more than sufficient to prove the existence of three separate apparatus intended for the recreation of children. *See United States v. Broussard*, 80 F.3d 1025, 1030-31 (5th Cir. 1996); *see also United States v. Parker*, 30 F.3d 542, 552 (4th Cir.), *cert. denied*, 513 U.S. 1029 (1994).  Furthermore, in that three of the fields were for children's leagues, finding that the baseball fields are a

protected location under § 860 furthers Congress' intent in enacting the statute.  *See* **Echevaria**, 995 F.2d at 564.

Concerning the claim of insufficient evidence to support the jury's verdict that he conspired to distribute 50 or more grams of cocaine base, Johnson claims it supports only 49.1 grams.  Co-defendant Jerome Freeman's testimony that he and Johnson spent almost every day together; that, during the nine-week period covered in the indictment, Johnson received nine to ten ounces (*one ounce equals 28 grams*) of cocaine base to distribute every week or every other week; that Johnson had approximately 30 to 40 regular customers; and that Johnson made up to $4000 a day from his dealings sufficiently supported the jury's finding.  **United States v. Bermea**, 30 F.3d 1539, 1552 (5th Cir. 1994).

The Government questions on appeal whether the imposition of concurrent 240-month sentences for counts two through six are correct.  Johnson did not challenge these sentences in district court and does not raise this issue on appeal.  Therefore, we review the sentences only for plain error.  **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196 (1995).  To show plain error, Johnson must demonstrate (1) error by the district court; (2) that is obvious, clear, or readily apparent; (3) affecting substantial rights; and (4) seriously affecting the fairness, integrity, or public reputation of judicial proceedings.  **Id.** at 162.  The sentences appear to be correct, *see* **United States v. Leonard**, 61 F.3d 1181,

1186 (5th Cir. 1995); and, regardless, we find no prejudice to Johnson's substantial rights, and therefore no plain error, because the district court imposed the sentences for counts two through six concurrently with the statutory minimum sentence of 240 months' imprisonment for count one.  21 U.S.C. § 841(b)(1)(A); U.S.S.G. § 5G1.1(b) (requiring the statutory minimum sentence be used when it is greater than the maximum sentence under the guidelines).

*AFFIRMED*