**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ABRAM JOSIAH SPRENGER,

    Defendant - Appellant.

No. 10-5005

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**
**(D.C. No. 09-CR-00082-TCK-1)**

---

Fred Randolph Lynn, Tulsa, Oklahoma, for Defendant - Appellant.

Leena Alam, Assistant United States Attorney, (Thomas Scott Woodward, United States Attorney, Northern District of Oklahoma, on the brief), Tulsa, Oklahoma, for Plaintiff - Appellee.

---

Before **KELLY**, **LUCERO**, and **HOLMES**, Circuit Judges.

---

**KELLY**, Circuit Judge.

    Defendant-Appellant Abram Sprenger appeals from his conviction of conspiracy to willfully transfer firearms to a person residing outside of his state of residence (Oklahoma). He was sentenced to 27 months' imprisonment and

three years' supervised release.  On appeal, he argues that the statute of conviction does not proscribe his conduct and that the district court constructively amended the indictment by not instructing on one of the objects of the conspiracy. Aplt. Br. at 1, 5-6.  Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

## Background

In March 2009, border patrol officers in Laredo, Texas discovered a cache of weapons in the gas tank of a truck driven by Mr. Sprenger.  II R. 11-14.  A federal grand jury indicted him on a two-object conspiracy: (1) conspiracy to willfully transfer firearms to a person residing outside the State of Oklahoma in violation of 18 U.S.C. §§ 922(a)(5) and 924 (a)(1)(D); and (2) conspiracy to fraudulently and knowingly export firearms into Mexico without an export license or written authorization in violation of 18 U.S.C. § 554(a) and 22 U.S.C. § 2278(b)(2).  I R. 9-10.  At trial, the government failed to put on evidence of the second object, and the district court removed that object from the jury's consideration.  Id., 59.  The jury convicted Mr. Sprenger of the remaining object. Id., 48.  After the jury's guilty verdict, Mr. Sprenger moved for judgment of acquittal.  The district court denied the motion, and Mr. Sprenger timely appealed.  Id., 57, 67.

Mr. Sprenger's specific arguments are that the district court: (1) erred in its legal conclusion that 18 U.S.C. § 922(a)(5) prohibits transfer of firearms to

- 2 -

persons who reside in a foreign country, and (2) constructively amended the indictment by not submitting the second object to the jury. Aplt. Br. at 1.

## Discussion

The government argues that Mr. Sprenger failed to raise his first issue below and that our review is for plain error under Fed. R. Crim. P. 52(b). Aplee. Br. at 10. Mr. Sprenger contends that he did raise the issue below, but that in any event we should reverse for plain error. Aplt. Reply Br. at 2-3. Our review of the record indicates that Mr. Sprenger never argued that § 922(a)(5) did not apply to transfers to foreign residents. Therefore, we review for plain error. See United States v. Buonocore, 416 F.3d 1124, 1128-29 (10th Cir. 2005).

"In order to prevail on plain error review, a party must show there is (1) error, (2) that is plain, (3) which affects the party's substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Commanche, 577 F.3d 1261, 1270 (10th Cir. 2009) (internal quotation marks and citation omitted). We agree with Mr. Sprenger that convicting a person for non-criminal conduct constitutes plain error. See United States v. Moore, 136 F.3d 1343, 1245 (9th Cir. 1998) ("Where an individual is arrested and convicted under a statute that does not prohibit his conduct, the requirements of [plain error under] Rule 52(b) are met." (citing Davis v. United States, 417 U.S. 333, 346 (1974)). Mr. Sprenger does not argue

that there was insufficient evidence to convict him under the government's interpretation of the statute, but rather that the statute does not criminalize the conduct proven at trial—namely, conspiring to transport weapons to a Mexican resident. Aplt. Br. at 4. Thus, Mr. Sprenger's first claim hinges solely upon the legal question of whether § 922(a)(5) prohibits the transfer of firearms to foreign residents.

The standard of review for Mr. Sprenger's second issue on appeal is much less complicated. "We review *de novo* the legal question of whether the district court proceedings constructively amended the indictment." United States v. Hien Van Tieu, 279 F.3d 917, 920 (10th Cir. 2002).

A.     Interpretation of 18 U.S.C. § 922(a)(5)

Our interpretation of a statute begins with its plain language. "If the terms of the statute are clear and unambiguous, the inquiry ends and we simply give effect to the plain language of the statute." Toomer v. City Cab, 443 F.3d 1191, 1194 (10th Cir. 2006) (citations omitted). In this case, we need go no further than the statutory language.

§ 922(a)(5) provides that:

> (a) "It shall be unlawful—
> . . .
> (5) for any person . . . to transfer, sell, trade, give, transport, or deliver any firearm to any person . . . who the transferor knows or has reasonable cause to believe does not reside in . . . the State in which the transferor resides . . . ."

18 U.S.C. § 922(a)(5).

The statutory language is clear: it prohibits transfer to someone the transferor knows or has reasonable cause to believe does not reside in the same state. Contrary to Mr. Sprenger's suggestion, there is no requirement that the transferee be a resident of a state in the United States. Therefore, the district court's interpretation was not error, plain or otherwise.

Mr. Sprenger argues that the statute's purpose is to prevent transfer of firearms from states with more-restrictive gun laws to states with less-restrictive gun laws. See Aplt. Br. at 5. Be that as it may, "statutory prohibitions often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the provisions of our laws rather than the principal concerns of our legislators by which we are governed." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79 (1998). Here, the "provision[] of our laws" prevents transfer of firearms to out-of-state residents, wherever they may reside. The primary evil Congress sought to prevent cannot amend the clear statutory text.

Mr. Sprenger relies upon several out-of-circuit cases in support of his argument. See Aplt. Br. at 5-8. However, even if these cases were binding—which they are not—they do not require a different result. First, at least one of these cases was decided in 1989. See United States v. Schwab, 710 F. Supp. 419 (D. Conn. 1989). Before 1990, the statute did require that the transferee reside in a State other than that of the transferor. See 18 U.S.C.

§ 922(a)(5) (1990).  That requirement, however, was removed in 1990.  See Pub. L. No. 101-647, § 2201.

All but one of Mr. Sprenger's other cases involve transfer from residents of one state to residents of another.  See United States v. Cavera, 550 F.3d 180, 185 (2d Cir. 2008); United States v. James, 172 F.3d 588, 590-91 (8th Cir. 1999); United States v. Bazargan, 992 F.2d 844, 846 (8th Cir. 1993); United States v. Testerman, 446 F. Supp.2d 640, 641-42 (W.D. Va. 2006).  Thus, those courts did not need to reach the issue before us.  Instead, they held that the statute prohibited the transfer of firearms between residents of different states.  Any speculation as to the statute's application to foreign residents is dicta.

The remaining case actually cuts against Mr. Sprenger's position.  In United States v. Prusan, the Second Circuit held that § 922(a)(5) criminalized the transfer of a firearm from a resident of New York to a resident of Puerto Rico. 967 F.2d 57, 58 (2d Cir. 1992).  The court did not hold that Puerto Rico was a "state," as would be required under Mr. Sprenger's interpretation, but rather simply held that the statute prohibited such a transfer.  See id. at 61.

Finally, even if the cases cited by Mr. Sprenger did hold that § 922(a)(5) applied only to transfers between United States residents, their interpretation would conflict with the plain language of the statute.  We would be unwilling to follow such an interpretation.

B.      Constructive Amendment of the Indictment

An indictment is constructively amended when "the district court proceedings . . . modify an essential element of the offense or raise the possibility that the defendant was convicted of an offense other than that charged in the indictment." Hien Van Tieu, 279 F.3d at 921 (citation omitted). In this case, Mr. Sprenger was charged with a two-object conspiracy, but the government produced evidence to support only the first. See Aplee. Br. at 6. Accordingly, the district court removed the second object from the jury's consideration. III R. 316-18. Mr. Sprenger argues that this amended the indictment because the government had to prove only one of the objects contained in the original indictment, which substantially lessened the government's evidentiary burden. See Aplt. Br. at 9.

It is well established that to sustain a conviction the government needs to prove only one object of a charged conspiracy—even when the indictment charges a multi-object conspiracy in the conjunctive. See Griffin v. United States, 502 U.S. 46, 56-57 (1991); United States v. Linn, 31 F.3d 987, 990 (10th Cir. 1994) (quoting Griffin, 502 U.S. at 56); cf. United States v. Gunter, 546 F.2d 861, 868-69 (10th Cir. 1976) ("It is hornbook law that a crime denounced in the statute disjunctively may be alleged in an indictment in the conjunctive, and thereafter proven in the disjunctive." (citation omitted)).

In fact, in Griffin the Supreme Court gave specific guidance on how to handle this situation: "if the evidence is insufficient to support an alternative legal theory of liability, it would generally be preferable for the court to give an

- 7 -

instruction *removing that theory from the jury's consideration*." <u>Griffin</u>, 502 U.S. at 60 (emphasis added).  Thus, removing the second object of the conspiracy from the jury did not constructively amend the indictment.  Rather, the district court simply clarified to the jury that there was not sufficient evidence to convict on the second object of the conspiracy.  Thereafter, the government was responsible for the same burden it originally bore—producing sufficient evidence to prove one of the two charged objects.  The government met that burden by proving beyond a reasonable doubt that Sprenger violated the plain language of 18 U.S.C. § 922(a)(5).

AFFIRMED.