FILED
United States Court of Appeals
Tenth Circuit

February 14, 2012

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

WILLIE D. WEST,

     Defendant-Appellant.

No. 11-3070

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 2:09-CR-20050-CM-1)**

---

Barry R. Grissom, United States Attorney, and Trent M. Krug, Assistant United States Attorney, Kansas City, Kansas, on the brief, for Plaintiff-Appellee.

Carl Folsom, III, Bell Folsom, P.A., Lawrence, Kansas, on the brief, for Defendant-Appellant.

---

Before **BRISCOE**, Chief Judge, **BALDOCK** and **LUCERO**, Circuit Judges.[*]

---

**BALDOCK**, Circuit Judge.

In tandem, 21 U.S.C. §§ 841(a) & 860(a) proscribe distributing controlled substances within 1000 feet of a "playground."  Similarly, §§ 856(a)(1) & 860(a)

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

in tandem proscribe maintaining a place within 1000 feet of a "playground" for the purpose of distributing controlled substances. Subsection 860(e)(1) defines "playground" as an outdoor public facility "containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards." In this appeal, we must determine whether the Government established that the public park near where Defendant Willie D. West engaged in illicit drug activity contained the three "separate apparatus" necessary to constitute a "playground" within the meaning of § 860(a).

I.

A confidential informant purchased controlled substances from Defendant in controlled buys. Some of these purchases occurred at Defendant's apartment in Lawrence, Kansas. Defendant's apartment was within 1000 feet of Holcom Park. A grand jury indicted Defendant on four counts related to Holcom Park and § 860(a). One count charged Defendant with distributing cocaine base within 1000 feet of a public playground in violation of 21 U.S.C. §§ 841(a) & 860(a). One count charged Defendant with distributing marijuana within 1000 feet of a public playground in violation of the same. One count charged Defendant with possessing marijuana within 1000 feet of a public playground with an intent to distribute in violation of the same. And one count charged Defendant with maintaining a place within 1000 feet of a public playground for the purpose of distributing marijuana in violation of §§ 856(a)(1) & 860(a). Defendant proceeded to jury trial.

2

As part of the Government's case-in-chief, an officer testified:

> Holcom Park is . . . a city park complex that includes . . . four baseball fields, two soccer fields, two tennis courts, . . . two handball courts, a volleyball court and a covered area for picnics and then a children's park area with . . . a jungle-gym apparatus and another set of swings, and then a jungle-gym apparatus that sits next to the first one connected by a bar that you could swing across.

Rec. Vol. 2, at 114. Defendant never challenged the Government's argument that these fields and courts existed in Holcom Park. At the close of the Government's case, Defendant moved for a judgment of acquittal, arguing the evidence failed to establish that Holcom Park is a "playground" within the meaning of § 860(a). The district court denied Defendant's motion. The jury subsequently returned a verdict of guilty on all counts.[1] Defendant next filed a motion for a new trial, renewing his argument that Holcom Park is not a "playground." The district court again denied Defendant's motion. In a written order, the court held the Government's evidence "relating to the park was sufficient to satisfy the statutory definition of 'playground' and to support the jury's verdicts." United States v. West, 2010 WL 2949609, at *3 (D. Kan. July 22, 2010) (unpublished). The court referenced the Government's argument that "[e]ven if the jury found the [jungle gyms] constituted one apparatus,

---

[1] The jury convicted Defendant on eight drug-related counts in total. The district court ran Defendant's 48-month sentences on all counts currently. Although Defendant challenges only four counts of conviction related to § 860(a), we still must consider his argument on the merits because a "separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored." Ball v. United States, 470 U.S. 856, 865 (1985).

3

. . . the . . .baseball diamonds, volleyball courts, and Holcom's other amenities are each apparatus intended for the recreation of children." Id. Defendant appealed. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

II.

On appeal, Defendant continues to argue Holcom Park does not meet § 860(e)(1)'s definition of a "playground," and thus the Government's evidence necessarily does not support his § 860(a) convictions. Defendant contends the two jungle gyms connected by a set of monkey bars are one apparatus and the swingset another. According to Defendant, "[e]ither a jungle gym or a swingset would certainly qualify as an 'apparatus' under 21 U.S.C. § 860(e)(1). However, the play area at Holcom Park does not meet the statutory definition of a playground, because there were not three or more *separate* apparatus intended for the recreation of children." Defendant argues that for the evidence to support his convictions, the recreational fields and courts would have to be "separate apparatus." Defendant does not dispute that those fields and courts are "intended for the recreation of children." But according to Defendant, the fields and courts are not separate apparatus because they are not similar to the playground apparatus listed in § 860(e)(1)'s definition, *i.e.*, "sliding boards, swingsets, and teeterboards." We consider the district court's construction of § 860(a) de novo. See United States v. Martinez-Haro, 645 F.3d 1228, 1232 (10th Cir. 2011). We rely on our construction of § 860(a) to consider de novo whether the evidence was sufficient to sustain the jury's verdict. See United

4

States v. Acosta-Gallardo, 656 F.3d 1109, 1123 (10th Cir. 2011).

A.

Our only encounter with § 860(a) came in United States v. Smith, 13 F.3d 380, 382 (10th Cir. 1993). We construed § 860(a) as an offense, rather than a sentencing enhancement, "which has as an element of proof that the distribution occurred within 1,000 feet of a protected place." Id. at 382. We held the Government's evidence that a park consisted of "playgrounds, walking paths, [and] gazebos," did "not meet the requirements of the definition of a playground" set forth in § 860(e)(1) (formerly subsection (d)). Id. Accordingly, "a reasonable jury could not convict [defendant] beyond a reasonable doubt of an offense which requires activity 'within 1,000 feet of a . . . playground' as an element." Id. (ellipses in original).

The Fourth Circuit next interpreted § 860(a) in United States v. Parker, 30 F.3d 542 (4th Cir. 1994). In that case, the evidence of a "playground" consisted of defendant's testimony that he had met an accomplice "at a basketball court" in the park, and the accomplice's testimony that he met defendant "while playing one-on-one basketball" in the park. Id. at 545. Defendant argued this evidence was insufficient to establish "that his § 841 violation occurred within 1000 feet of a 'playground' as defined in § 860." Id. at 551. The Government maintained a reasonable jury could infer "the park 'had at least two separate baskets and a blacktop where kids could play hopscotch as well as other games.'" Id. 552. In other words, the Government argued "the two baskets plus the one blacktop

5

constitute[d] the requisite 'three or more separate apparatus.'"  Id.  The court held

that on the evidence presented no rational jury could find beyond a reasonable doubt

that defendant possessed crack within 1000 feet of a "playground," as Congress

defined that term:

> The Government's argument is too cute by half (or perhaps two-thirds). The jury could *not* reasonably have inferred that there were *two* basketball hoops in the park when [the accomplice] testified only to playing "one-on-one" (*i.e.*, half-court) basketball there (as opposed to full-court basketball).
>
> Furthermore, it is quite a stretch to consider a blacktop a "separate apparatus intended for the recreation of children." . . . [A] mere surface paved with blacktop – *e*.g., an interstate highway – is surely not "an apparatus intended for the recreation of children."  And [the Government] violate[s] the age-old canon of *ejusdem generis* by assuming that a blacktop is akin to the "sliding boards, swingsets, and teeterboards" that Congress specified . . . .

Id. at 552–53.

In United States v. Johnson, 1997 WL 811737 (5th Cir. Dec. 13, 1997) (per

curiam) (unpublished), a panel of the Fifth Circuit weighed in on § 860(a)'s meaning.

Defendant challenged his convictions related to the distribution of controlled

substances "within 1000 feet of a playground."  Id. at *1.  According to defendant,

the evidence was insufficient to support the jury's finding that a group of little

league baseball fields constituted a "playground." Specifically, Defendant contended

"that the evidence at trial of four backstops and two concession stands did not

sufficiently demonstrate three or more separate apparatus."  Id.  The court disagreed

and summarily concluded "evidence of four baseball backstops, three of which were

6

for either little league or pee-wee little league fields, was more than sufficient to prove the existence of three separate apparatus intended for the recreation of children." Id.

Most recently, the Ninth Circuit construed § 860(a) in United States v. Migi, 329 F.3d 1085 (9th Cir. 2003). Like the defendants in Smith, Parker, and Johnson, defendant claimed the evidence was insufficient to sustain his § 860(a)-related convictions for drug-related offenses occurring within 1000 feet of a "playground." The park in that case "contained a swingset, a basketball court, a softball field, and a skating rink." Id. at 1086–87. Defendant conceded the swingset was an "apparatus" under § 860(e)(1)'s definition of "playground." He claimed, however, that the basketball court, the softball field, and the skating rink were not "apparatus." The court defined "apparatus" as "a collection or set of materials or appliances designed for a particular use." Id. at 1088 (internal ellipses and brackets omitted) (quoting Webster's Third New Int'l Dictionary 102 (unabridged 1986)). Based on that definition, the court rejected defendant's claim and held "basketball courts, softball fields, and skating rinks are each 'apparatus intended for the recreation of children,'" because "each consist[s] of a collection or set of materials or appliances designed for recreational use." Id. at 1088–89. The court reasoned that "no legal difference" existed between (1) "sliding boards, swingsets, and teeterboards" and (2) "basketball courts, softball fields, and skating rinks:" "All are 'apparatus intended for the recreation of children.'" Id. at 1088. According to the court, defendant's

7

reliance on the principle of *ejusdem generis* was misplaced:

> The principle of *ejusdem generis* does not apply here because the statute's plain meaning is apparent. An application of *ejusdem generis* would narrow Congress's definition of "children" from people "under 18 years of age" to those young enough to be able to play on swingsets, slides, and teeter-boards.[2] In addition, we need not apply *ejusdem generis* because Congress modified its list of examples with the phrase "including, but not limited to." That phrase "mitigates the sometimes unfortunate results of rigid application of the *ejusdem generis* rule." Therefore, we will not apply the *ejusdem generis* principle to § 860(e)(1)'s list of examples.

Id. at 1088–89 (internal brackets and footnotes omitted).

## B.

The foregoing recitation of the law makes the outcome of this case painfully apparent. Defendant does not dispute that the swingset in Holcom Park is one "apparatus" for purposes of § 860(a) & (e)(1). We also *assume for the sake of argument* that the park's two jungle-gyms connected by a set of monkey bars constitute only one "apparatus." That leaves us with "four baseball fields, two soccer fields, two tennis courts, . . . two handball courts, [and] a volleyball court," none of which, Defendant points out, are much like the "sliding boards, swingsets, and teeterboards" listed in § 860(e)(1). But neither are basketball hoops, baseball

---

[2] In subsection (c) of § 860, Congress refers to "children" as "person[s] under 18 years of age." That subsection, which is entitled "[e]mploying children to distribute drugs near schools and playgrounds," proscribes using "a person under 18 years of age to violate [§ 860(a)]." 21 U.S.C. § 860(c). "The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." <u>Sorenson v. Sec'y of the Treasury</u>, 475 U.S. 851, 860 (1986) (internal quotations omitted).

8

backstops, or softball fields much like the apparatus specifically enumerated in § 860(e)(1). Nonetheless, the Fourth Circuit in Parker, while rejecting the idea that a "blacktop" is an "apparatus" within the meaning of § 860(e)(1), certainly suggested that a basketball hoop is an "apparatus": "The Government's argument is too cute by half . . . . The jury could *not* reasonably have inferred that there were *two* basketball hoops in the park . . . ." Parker, 30 F.3d at 552. Meanwhile, the Fifth Circuit in Johnson squarely held a baseball backstop is an "apparatus." Johnson, 1997 WL 811737, at *1. And in Migi, the Ninth Circuit held the totality of a softball field, among other things, is an "apparatus." Migi, 329 F.3d at 1089.

In construing § 860(a) & (e)(1), we first and foremost look to the statute's language to ascertain Congressional intent. See Russell v. United States, 551 F.3d 1174, 1178 (10th Cir. 2008); see also United States v. Sprenger, 625 F.3d 1305, 1307 (10th Cir. 2010) ("Our interpretation of a statute begins with its plain language."). "The language of the statute may not be distorted under the guise of construction, or so limited by construction as to defeat the manifest intent of Congress." United States v. Alpers, 338 U.S. 680, 681–82 (1950). As an interpretative aid, the principle of *ejusdem generis,* properly applied, is a canon of construction that "[o]rdinarily . . . limits general terms which follow specific ones to matters similar to those specified." Gooch v. United States, 297 U.S. 124, 128 (1936). But we resort to the principle "not to obscure and defeat the intent and purpose of Congress, but to elucidate its words and effectuate its intent." Alpers, 338 U.S. at 682. "[W]e do not woodenly

9

apply limiting principles every time Congress includes a specific example along with a general phrase." Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 227 (2008).

Undoubtedly, Congress' intent in enacting § 860(a) was "to create drug-free zones by increasing punishment for drug transactions that occur near places where children gather." Johnson, 1997 WL 811737, at *1. A thoughtless application of the principle of *ejusdem generis* in construing § 860(e)(1)'s definition of "playground" would thwart that intent as encompassed within the statute's plain language. First, we wholeheartedly agree with the Ninth Circuit that reliance on *ejusdem generis* to limit the meaning of "apparatus" in § 860(e)(1) to devices similar to "sliding boards, swingsets, and teeterboards" would be inconsistent with Congress' reference to "children" in § 860(c) as "person[s] under 18 years of age." Migi, 329 F.3d at 1088–89; see supra n.2. We may safely assume that not many teenagers play on sliding boards, swingsets, teeterboards, or similar apparatus. Yet teenagers are considered "children" for purposes of § 860(c). Consequently, we consider them "children" for purposes of § 860(e)(1) because, absent good reason to the contrary, "when the same words are used in different sections of the law, they will be given the same meaning." See In re Harline, 950 F.2d 669, 674 (10th Cir. 1991). As the Ninth Circuit aptly observed: "[A]pplication of *ejusdem generis* [to subsection (e)(1)] would narrow Congress's definition of 'children" from people 'under 18 years of age' to those young enough to be able to play on swingset, slides, and teeter-boards." Migi 329 F.3d at 1088–89. But any such definition of "children" for

10

purposes of § 860(e)(1) is unacceptable because it is inconsistent with Congress'

characterization of "children" in § 860(c).[3]

Second, courts have historically employed the principle of *ejusdem generis* to

*limit general terms following specific terms.* See Black's Law Dictionary 556 (8th

ed. 2004). In § 860(e)(1), however, Congress did not employ specific terms followed

by general terms in providing examples of "apparatus." Rather Congress described

"apparatus" as *"including, but not limited to*, sliding boards, swingsets, and

teeterboards."[4] 21 U.S.C. § 860(e)(1) (emphasis added). In the analogous context

of interpreting a contract that contained the phrase "including, but not limited to,"

then Judge Alito told us that "[t]he rule of *ejusdem generis* applies only if the

---

[3] While we do not *necessarily* disagree with the Fourth Circuit's conclusion in Parker that a "blacktop" in itself is not an apparatus within the meaning of § 860(e)(1)'s definition of "playground," needless to say we do *not* agree with its reliance on the principle of *ejusdem generis* to reach that conclusion. Parker, 30 F.3d at 553.

[4] The concurrence states we fail to acknowledge the "substantial contrary authority" applying the canon to statutes that use "including, but not limited to." But the concurrence cites to only one federal court of appeals decision. United States v. Philip Morris USA, Inc., 396 F.3d 1190, 1200 (D.C. Cir. 2005). The majority in Philip Morris engaged in no analysis of *ejusdem generis* and did not justify its application of the doctrine. The dissent doubted the doctrine should apply given Congress' "expansive language" of "including, but not limited to." Id. at 1224 (Tatel, J. dissenting). Importantly, the Supreme Court has clearly indicated that the principle applies "when a statute sets out a series of specific items ending with a general term." Hall Street Assoc., LLC v. Mattel, Inc., 552 U.S. 576, 586 (2008); see also Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 114–15 (2001) (defining *ejusdem generis* as "the statutory canon that where general words follow specific words in statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.") (internal citation omitted). Here, we do not have such a statute. Instead, the statute uses a general phrase and then ends with a series of specific examples.

provision in question does not express a contrary intent.  Thus, since the phrase "including, but not limited to" plainly expresses a contrary intent, the doctrine of *ejusdem generis* is inapplicable."  Cooper  Distrib. Co. v. Amana Refrig., Inc., 63 F.3d 262, 278 (3d Cir. 1995) (Alito, J.).  Notably, this is exactly what the Ninth Circuit told us in Migi, wherein the court refused to apply *ejusdem generis* "because Congress modified its list of examples [in § 860(e)(1)] with the phrase 'including, but not limited to.'"  Migi, 329 F.3d at 1089; see also Cintech Indus. Coatings, Inc. v. Bennett Indus., Inc., 85 F.3d 1198, 1202–03 (6th Cir. 1996) (following Cooper Distrib.).

As mentioned above, the Government introduced uncontroverted evidence at trial that Holcom Park contains "four baseball fields, two soccer fields, two tennis courts, . . . two handball courts, [and] a volleyball court" in addition to the swingset and playground equipment.  Rec. Vol. 2, at 114.  Furthermore, the Government introduced pictures into evidence which appear to show a baseball backstop (Government Exhibits 33 and 34).  We conclude that this evidence, at a minimum, would have allowed the jury to reasonably find that the baseball field with the backstop constituted an "apparatus."[5]  More specifically, the baseball field with the backstop constituted "a collection or set of materials, instruments, [or] appliances . . . designed for a particular use."  Webster's Third New Int'l Dictionary 102 (1981).

---

[5] We need not determine whether the jury reasonably could have inferred that the other items generally described to exist in Holcom Park, but not shown in the photographs, constituted "apparatuses."

Thus, Holcom Park constitutes a "playground" within the meaning of § 860(a) because it is an outdoor public facility "containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards." 21 U.S.C. § 860(e)(1). We need go no further than that. Defendant's convictions are –

AFFIRMED.[6]

---

[6] On appeal, Defendant also challenges the district court's decision to allow a police officer testifying on behalf of the Government to give his expert opinion that the marijuana and other items found in Defendant's apartment were consistent with the distribution of marijuana. Specifically, Defendant argues the district court abused its discretion in allowing a police officer with two years of experience dealing with drug cases to qualify as an expert in drug distribution. United States v. Rodriguez-Felix, 450 F.3d 1117, 1122 (10th Cir. 2006) (setting forth the legal standards under which we review the admission of expert testimony). At trial, however, the district court qualified the officer as an expert pursuant to Fed. R. Evid. 702, after the officer testified about his background, education, training, and experience. Rec. Vol. 4, at 30–34. Based thereon, the district court determined the Government had laid a sufficient foundation for the officer's expert opinion. Rec. Vol. 4, at 55–56. The court further determined the officer's testimony would be sufficiently reliable based on that foundation. Id. Defendant's argument that the district court erred in its assessment is meritless.

13

11-3070, <u>United States v. West</u>

**LUCERO**, J., concurring in the judgment.

I agree with the majority that the record contains sufficient evidence to support the jury's conclusion that Holcom Park contained "three or more separate apparatus intended for the recreation of children." 21 U.S.C. § 860(e)(1). I further agree that a baseball backstop qualifies as "apparatus intended for the recreation of children" under that statute. (<u>See</u> Majority Op. 12.) I decline to join the majority opinion, however, because I see no need to hold that the principle of <u>ejusdem generis</u> does not apply to the statute at issue. As I see it, "apparatus intended for the recreation of children" encompasses backstops and related sports structures regardless of whether the canon applies. Because this is an issue on which courts are split and which could have wide-ranging consequences, I would avoid the majority's unqualified pronouncement.

The majority concludes that <u>ejusdem generis</u> does not apply principally because the statute contains the phrase "including but not limited to." (<u>See</u> Majority Op. 11-12.) Although they aptly cite significant support for their position, my colleagues fail to acknowledge the substantial contrary authority applying the canon to statutes that use the same phrase. <u>See</u> <u>United States v. Philip Morris USA, Inc.</u>, 396 F.3d 1190, 1200 (D.C. Cir. 2005) (applying the canon to a list preceded by "including, but not limited to"); <u>BNSF Ry. Co. v. Bhd. of Locomotive Eng'rs & Trainmen</u>, 595 F. Supp. 2d 722, 734 (N.D. Tex. 2008) (applying canon to agreement containing "but not limited to" formulation);

Schmidt v. Mt. Angel Abbey, 223 P.3d 399, 404 n.14 (Or. 2009) (applying canon to statute); Bd. of Chosen Freeholders v. State, 732 A.2d 1053, 1059 (N.J. 1999) (same). Further, as the majority recognizes, (Majority Op. 6), the Fourth Circuit applied ejusdem generis to the very statute before us. United States v. Parker, 30 F.3d 542, 553 & n.10 (4th Cir. 1994).

In light of this split, decisive resolution of the issue would be advisable only if it were necessary to our disposition of the case. I disagree with West's contention that application of the canon would exempt the equipment the majority rightly construes as "apparatus." His argument depends on a "wooden[]" and "thoughtless" application of the canon that, as the majority rightly notes, (Majority Op. 9-10), is entirely prohibited. If, however, we employ ejusdem generis "not to obscure and defeat the intent and purpose of Congress, but to elucidate its words and effectuate its intent," United States v. Alpers, 338 U.S. 680, 682 (1950), it is clear that the sports equipment relied on by the majority counts as "apparatus intended for the recreation of children" under the statute. Under ejusdem generis, an "apparatus" would have to belong to the same general class as the listed items, but it would not have to share all the exact same characteristics. Backstops, nets, and goals, like sliding boards, swingsets, and teeterboards, are all structures often found on a playground. Indeed, as the majority recognizes, application of the canon did not preclude the Fourth Circuit from concluding that a basketball hoop qualifies as an "apparatus." (Majority Op. 9 (citing Parker, 30 F.3d at 552).)

2

After deciding that ejusdem generis does not apply, the majority has no trouble concluding that "apparatus intended for the recreation of children" easily encompasses the baseball backstop at Holcom Park. Given the capacious definition of "apparatus," that conclusion is clear. But it does suggest the potential hazard in taking ejusdem generis entirely off the table. Ignoring the examples of swingsets, teeterboards, and sliding boards, I see nothing in the statute that would prevent, for instance, a toy truck from qualifying as an "apparatus intended for the recreation of children," even though that would seem absurd and contrary to Congress' intent.[1] Moreover, the majority's opinion could preclude us from applying ejusdem generis to any statute with the words "including but not limited to," a potentially wide-ranging issue upon which there is a split of authority. Because the apparatus identified by the majority qualifies under the statute regardless of whether the canon applies, I see no need to decide that issue.

---

[1] The statute only requires that the playground "contain[]" three such apparatus. § 860(e)(1).

3